UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~

In re
**DONAL A. PENNEY**                    Chapter 7
    Debtor                                Case No. 05-14510-JNF

~~~~~~~~~~~~~~~~~~~~~~~~

MEMORANDUM

I. INTRODUCTION

The matter before the Court is the Application of Chapter 7 Trustee to Employ Counsel.[1] Through his Application, Warren E. Agin, Esq., the Chapter 7 Trustee (the

---

[1] In his Application, the Trustee did not refer to 11 U.S.C. § 327(a) or (c).

Section 327 governs bankruptcy court approval of a trustee"s employment of attorneys and other professionals. This provision is intended to ensure "that all professionals . . . tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." Rome v. Braunstein, 19 F.3d 54, 58 (1st Cir.1994). And while the provision accords the bankruptcy court broad discretion in approving the employment of professionals, § 327(a) makes clear, as a general rule, that a trustee may employ, and the bankruptcy court may approve, the employment of an attorney or other professional person only if that individual or firm (i) does not hold or represent an interest adverse to the estate and (ii) is disinterested. 11 U.S.C. § 327(a); In re Harold & Williams Dev't. Co., 977 F.2d at 909. This is a stringent standard. Yet, § 327(c),

1

"Trustee"), seeks to retain Thomas H. Curran ("Curran"), formerly with the law firm of Deutsch, Williams, Brooks, DeRensis & Holland, P.C. ("Deutsch Williams"), and now with the firm of Sherin and Lodgen LLP. The Trustee seeks authority to employ Curran and his firm to assist, advise and represent him 1) in the administration of the Debtor's bankruptcy case, 2) in "any investigation of the acts, conduct, assets, liabilities and financial condition of the debtor;" 3) with respect to "the prosecution or defense of any action brought by or against the estate;" 4) with respect to the allowance or disallowance of any claims filed against the Debtor's estate;" 5) with respect to the preparation of opposing collection and liquidation of the Debtor's assets and any other matters relevant to this proceeding;" and

---

which governs the employment of an attorney or professional who represents a creditor, creates a limited exception to this general rule. Pursuant to that provision, an attorney who represents a creditor is validly employed by the trustee provided that there is no "actual conflict of interest" between the attorney" representation of the creditor and his representation of the trustee. *See* 11 U.S.C. § 327(c); In re Interwest Bus. Equip., Inc., 23 F.3d 311, 316 (10th Cir.1994) ("[T]he bankruptcy judge can disqualify a professional solely on the basis of simultaneous representation, if it finds the joint representation creates an actual conflict.") (emphases in original). Thus, where a trustee employs a professional who represents a creditor, the stringent two-pronged test set forth in § 327(a) does not apply. . . . Put differently, a trustee may employ a creditor's attorney under § 327(c) provided the dual representation presents no actual conflict of interest. And, this is so even if there exists a potential conflict of interest or an appearance of a conflict of interest that would otherwise disqualify the attorney from employment under § 327(a).

Johnson v. Richter, Miller & Finn (In re Johnson), 312 B.R. 810, 818-20 (E.D. Va. 2004)(footnotes omitted).

2

6) "in connection with any other matters that may be necessary and appropriate in the administration of the case."

## II. BACKGROUND

At the time the Trustee filed his Application, Curran and his firm represented Premier Capital, Inc. ("Premier"). They continue to represent Premier in this case.

The Debtor listed Premier as the holder of a claim in the sum of $253,842.78 secured by an attachment and levy against his real property located at 20 Charles Street, Bridgewater, Massachusetts, which he valued at $475,000 and for which the claimed a homestead pursuant to Mass. Gen. Laws ch. 188, § 1. On Schedule F-Creditors Holding Unsecured, Nonpriority Claims, the Debtor listed Bank One as the holder of an unsecured, nonpriority claim in the sum of $10,266.44, as well as Bankcard ($14,952.39) and Capital One ($4,347.34).

In his Sworn Statement of Professional Person, Curran represented that Premier was owed in excess of $240,000 and was pursing collection of monies owed to it by the Debtor. He also represented that Premier is "actively pursing collection of this obligation from co-obligors." Curran stated that "to the extent the Trustee liquidates any assets of the estate, Premier intends to file a Proof of Claim against the estate." In an Amended Sworn Statement of Professional Person, Curran disclosed that he had changed his firm affiliation from Deutsch Williams to Sherin and Lodgen LLP and that Sherin and Lodgen LLP "has in the past represented Bank One as lender's counsel, but no active representation is currently pending."

3

The Debtor filed an Objection to the Trustee's Application on the ground that Curran is not a "disinterested person" pursuant to 11 U.S.C. § 101(14). The Court heard the Trustee's Motion on August 30, 2005. Following the hearing, the Debtor withdrew his Objection and the Trustee submitted a Supplement to his Application in which he stated that Curran "already represents Premier Capital, LLC in connection with the Debtor's bankruptcy case," adding that according to Premier "it has a state court judgment against the Debtor, three of his brothers, and a company called Penney Construction Corp." The Trustee also stated 1) that Premier is owed $227,600 by Penney Construction Corp, the Debtor, and three other family members; 2) that Premier has a lien against real estate owed by a co-defendant, Michael Penny; and 3) that Premier obtained an injunction preventing the other defendants from hypothecating real property under their control or in which they have a beneficial interest. The Trustee also stated that the Debtor may have an interest in at least two entities, Penney Realty Trust and Penney Building Corporation, neither of which were listed by the Debtor on Schedule B-Personal Property. The Trustee indicated that Premier has no direct claim against the assets held by these entities or any additional assets that the Debtor may have. In further support of his Application, the Trustee set forth the following:

> The ability to reach assets through the Debtor benefits Premier . . . both because it will allow it to reach asset which, otherwise, it might not be able to reach, and because it allows it to compromise its claims against co-defendants, while continuing to obtain a further recovery through the Debtor.
>
> The Trustee has reviewed the potential conflicts in this matter with proposed counsel's former associate, Carolyn Bankowski, and has fully considered the

4

prospect for a conflict. The Trustee believes the joint representation is unlikely to give rise to a conflict and also believes the joint representation is in the best interests of the estate.

Noting that Premier holds between 85% and 90% of the general unsecured claims in the case, that it is represented by Lawson & Weitzen LLP in connection with state court actions against the co-obligors, that he his not aware of any dispute with respect to Premier's claim against the bankruptcy estate, as well as the absence of nonexempt assets in the Debtor's bankruptcy case, the Trustee concluded the following:

> Use of separate counsel could easily lead to a situation where the estate is rendered administratively insolvent, while Premier Capital, LLC obtains payment through other channels. The proposed joint representation reduces this risk by allowing the estate to "piggy-back" on Premier Capital, LLC's investment, and commits Premier Capital, LLC to working cooperatively with the Trustee.

The Trustee also submitted a chart in connection with his Supplement. It shows that Premier holds a judgment in the sum of $227,600 against Penny Construction Corp., Harold H. Penney, Jr., John R. Penney, Michael J. Penney and the Debtor, secured by a lien against real estate located at 34 Charlotte Avenue, Norton, Massachusetts owned by Michael Penny, although the Trustee did not disclose the property's value or other encumbrances against it. Similarly, the Trustee did not represent that the Premier's judgment is unlikely to be satisfied, in whole or in part, due to the insolvency of one or more of the Debtor's co-obligors. Indeed, in view of Premier's representation by Lawson & Weitzen LLP in the state court actions, the Court infers that the Debtor's co-obligors have assets to satisfy at least part of Premier's judgment.

5

## III. DISCUSSION

Under the circumstances described above, and, upon consideration of the provisions of 11 U.S.C. § 327(c), the Court concludes that the Trustee has failed to establish the absence of an actual conflict of interest with respect to Curran's dual representation of Premier and the estate. An active conflict of interest is defined as "an active competition between two interests, in which one interest can only be served at the expense of the other." See In re Amer. Energy Trading, Inc., 291 B.R. 154, 157 (Bankr. W.D. Mo. 2003)(citing, *inter alia*, In re Pillowtex, Inc., 304 F.3d 246, 251 (3d Cir. 2002)).[2] The Court finds such a conflict exists

---

[2] The court in Johnson noted the following:

> The term "actual conflict of interest" is not defined in the Bankruptcy Code. See In re BH & P Inc., 949 F.2d 1300, 1315 (3d Cir. 1991). Instead, the term "has been given meaning largely through a case-by-case evaluation of particular situations in the bankruptcy context." Id. In this regard, "[c]ourts have been accorded considerable latitude in using their judgment and discretion in determining whether an actual conflict exists 'in light of the particular facts of each case.'" Id. (citing In re Star Broadcasting, Inc., 81 B.R. 835, 844 (Bankr. D. N.J. 1988) and In re Hoffman, 53 B.R. 564, 566 (Bankr. W.D. Ark. 1985)). Notably, courts have declined to set forth bright line rules as to when an alleged conflict warrants disqualification under § 327(c). See In re BH & P, Inc., 949 F.2d at 1315. It is nonetheless sensible to conclude that an alleged conflict of interest is "actual" and warrants disqualification under § 327(c) if there is "active competition between two interests, in which one interest can only be served at the expense of the other." See In re BH & P, Inc., 103 B.R. 556, 563 (Bankr. D. N.J. 1989), *aff'd* 949 F.2d 1300 (3d Cir. 1991). Accordingly, where, as here, an attorney is employed by both the trustee and a creditor, there is no "actual conflict of interest" warranting disqualification unless (i) the interests of the trustee and the creditor are in fact directly conflicting or (ii) the creditor is actually afforded a preference that is denied to other creditors. A conflict "in which the competition is presently dormant, but may become active if certain contingencies occur," is merely potential and thus does not warrant disqualification. See In re

6

in this case. Moreover, the Court finds that it has an independent obligation to make this determination even though neither the U.S. Trustee nor a party in interest objected to the Application. *See* Amer. Energy, 291 at 157-58.[3]

As a fiduciary to the bankruptcy estate, the Trustee has a duty to ensure that Premier's obligation is first satisfied from assets other than those which might be available to satisfy the claims of the Debtor's remaining creditors as a result of actions which he might bring against the Debtor for turnover or against any entities to whom the Debtor may have improperly conveyed assets. The Court concludes that an actual conflict of interest exists between the estate and Premier and there is an appearance of impropriety for the estate to compensate Trustee's counsel for activities which may harm the interests

---

BH & P, Inc., 103 B.R. at 563.

312 B.R. 821-22 (footnotes omitted).

[3] In Amer. Energy, the court stated:

Although § 327(c) may seem to require an objection from a creditor or from the U.S. Trustee before a court can examine conflicts arising from simultaneous representation of a creditor and the trustee, § 327(a) does not include similar language. Where the Bankruptcy Code provides for the raising of an issue by a 'party in interest,' such a provision should not be 'construed to preclude the court from *sua sponte*, taking an action or making any determination necessary or appropriate to . . . prevent an abuse of process . 11 U.S.C. § 105(a). A bankruptcy court has the authority and the responsibility to approve the employment only of professionals who meet the minimum requirements set forth in § 327(a), independent of objection.

291 B.R. at 157-58.

7

of the Debtor's remaining creditors if Premier is successful in satisfying its judgment from the assets of the Debtor's co-obligors. Accordingly, the Court shall enter an order denying the Trustee's Application.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: September 26, 2005
cc: Warren Agin, Esq., Henry Ellis, Esq., U.S. Trustee